THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRA SHELBURNE,<br><br>Defendant. | CASE NO. CR17-0203-JCC<br><br>ORDER DENYING MOTION TO REVOKE DETENTION ORDER |

This matter comes before the Court on Defendant Alexandra Shelburne's motion for revocation of her detention order (Dkt. No. 86). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

Ms. Shelburne is charged in an eighteen-count indictment of engaging in a fraud, money laundering, and ID theft conspiracy across multiple states over three years, in violation of 18 U.S.C. §§ 1349, 1344, 1028A, and 1956. (Dkt. Nos. 87, 62.) After a detention hearing on August 24, 2017, Magistrate Judge Brian Tsuchida issued a detention order. (Dkt. No. 62.) Ms. Shelburne challenges this order and moves for release on an appearance bond on conditions recommended by United States Pretrial Services—release to her parents' home in California with GPS monitoring and virtual home detention. (Dkt. No. 86 at 7.)

## II. DISCUSSION

Under 18 U.S.C. § 3145(b), a defendant who is ordered detained by a magistrate judge pending trial may request that the court with original jurisdiction revoke or modify the order. *See* 18 U.S.C. § 3145(b). A district court reviews *de novo* a magistrate judge's order for pre-trial detention. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). Such detention determinations are governed by the Bail Reform Act, 18 U.S.C. § 3142. Pre-trial detention is appropriate where the Government proves, by clear and convincing evidence, that the defendant presents a danger to the community or, by a preponderance of the evidence, that the defendant poses a flight risk. 18 U.S.C. § 3142(e)(1); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). To determine whether conditions of release may sufficiently assure both court appearance and the public safety, the Court considers information available regarding: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the defendant's history and characteristics, including character, family ties, employment, financial resources, community ties, past conduct, criminal history, and any failures to appear for court proceedings, and (4) the nature and seriousness of danger to the community. *See* 18 U.S.C. § 3142(g).

The Government presents evidence that Ms. Shelburne has motive and ability to flee based on (1) the prospect of significant prison time for the crimes charged here, (2) successful evasion of outstanding arrest warrants in California, (3) extensive use of false identities and other tactics to evade arrest in the past, and (4) the availability of funds and at-large co-conspirators to assist in her flight. (Dkt. No. 87 at 3-5.) Furthermore, criminal activity alleged against Ms. Shelburne targeted vulnerable victims and involved a substantial amount of money and threats of violence against co-conspirators. (Dkt. Nos. 87 at 4, 62 at 1.) This alleged criminal activity continued after prior arrests and up until Ms. Shelburne's July 2017 arrest. (Dkt. No. 87 at 4.) Thus, despite Ms. Shelburne's family ties and her family's expectation that she is ready to atone for her mistakes, the Court finds that the Government has met its burden and adopts the findings and conclusions of Magistrate Judge Tsuchida (Dkt. No. 62).

## III. CONCLUSION

For the foregoing reasons, Ms. Shelburne's motion for revocation of the detention order (Dkt. No. 86) is DENIED.

DATED this 18th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE